McFaRlaNd, J.,
delivered the opinion of the court.
Mary Jane Smith-brought this action against the railroad company. Her declaration, in substance, avers that she attempted to get upon a train of cars at Philadelphia, one of the regular passenger depots of the defendant’s road, for the purpose of being conveyed to Athens, or to such other place as she might desire to go, and before she had entered the car, and while she was climbing the steps, the agents of the defendant, recklessly, carelessly, and negligently, caused the train to he suddenly and violently started without having awaited a sufficient time, by which she was thrown down, receiving an injury which caused the amputation of her leg.
The defendant pleaded not guilty, the statute of limitations, and accord and satisfaction. There was verdict and *2 judgment for the plaintiff; a new trial was moved for and refused, and an appeal in error to this court. Several supposed errors have been assigned as grounds for a new trial, only one of which, however, we think is substantial.
The proof, in substance, shows that- the plaintiff and another woman, purchased from the ticket agent, tickets for passage upon the night passenger train, a certain night in June, 1ST 3, to Athens.
That they went a short distance, sixty or seventy yards from the platform where passengers got on the train, and sat down on a tool box, at the side of the road, which we understand, was on the opposite side from the platform. When the train came, the conductor and other officers testify, that as they had no passengers to get off at that station, and no passengers appearing about the platform to get on, they proposed to pass without stopping, in accordance with their custom, it being one o’clock at night. After the train came near, the plaintiff attempted to cross the track in front of the engine, and was struck and injured. The testimony is conflicting as to the rate of speed the train was moving, and, also, as to the distance the engine was from the plaintiff at the time she attempted to cross the track.
The circuit court judge gave the jury in charge the provisions of the article of the Code, beginning with sec. 1166' [Shannon’s Code, sec. 1574-, et seq.], in reference to precautions prescribed for tbe prevention of accidents, and instructed the jury that it was incumbent on the defendant to prove that these precautions had been observed, and unless it did so, it would be liable for tbe injury, and that the negligence of the plaintiff could only be looked to-in mitigation of damage.
This proposition is correct, as we have repeatedly held, but the plaintiff’s case was not put upon this ground, either in the declaration or proof. ' In her declaration, the case she states is, that the train did not stop long enough to *3 allow her to get on, and attempting to do so', slie was injured. In tlie proof there was no attempt to make a case on aeount of the failure of the defendant’s agents to observe the precautions prescribed in the article referred to. The only proof on this subject was by the defendant’s agents, to the effect that these precautions were all observed, and that they did all in their power to prevent the accident. The judge further charged the jury that if Philadelphia was a regular station for passengers, it was the duty of the defendants to stop its trains there, and if it failed to do so on this occasion, and by reason of such failure, the accident occurred, the defendants would be liable, though the mere failure to stop would not render the company liable, as in case of a failure to observe the precautions specifically prescribed for the prevention of accidents. He was asked to instruct the jury, that if the injury to the plaintiff was the result of her own rash and reckless conduct in attempting to cross the track in front of the engine, while it was running near her, she could not recover. This charge was refused.
It was manifestly upon this aspect of the case the jury found their verdict. We think the charge asked for should have been given. If the plaintiff’s case rested upon the ground that the defendant had not complied with the requirements of the article of the Oode before referred to, then the negligent conduct of the plaintiff would be no bar to the action, because the statute, in express terms, says, that a failure to observe these precautions will render it liable, but the duty of. the defendant to stop its trains at each depot, is noi one of the provisions of this article. We concede that the plaintiff, having purchased a ticket for passage on this train to Athens, the defendant was in default for failing to stop, and allowing her to get on, and would be liable for such damages as resulted, but not necessarily liable for the injury resulting by the plaintiff being struck by the engine, as the judge correctly said. *4 As to this injury, the question was, whether it resulted from the negligent conduct of the defendant, in the manner the plaintiff charges in her declaration, or in any manner, in substantial accord therewith, or whether it resulted from the plaintiff’s own negligence or rash conduct.
The liability of the defendant for an injury resulting from a wrong of this character rests upon common law principles, and not upon the provisions of our statute.
And while in cases resting upon the statute, negligence or rash conduct of the plaintiff will not defeat the action, in cases of this character it may.
As we have said, a failure to stop for passengers who haA^e the right to got upon the train at regular depots, Avill render the company liable for the damages resulting— that is, such damages as the party sustained by reason of not being conveyed to her destination on that train, yet if the party rashly and negligently attempt to' get upon the train while in motion, or to cross in front of it, and the company be guilty of no other -wrong than the mere failure to stop at that station, this wrong would not make it liable for the injury resulting from the plaintiff’s own rash or negligent conduct.
We intimate no opinion as to whether this case is made out for the plaintiff or falls within the rule last stated. We think, however, the question should have been presented to the jury in accordance Avith the Adews expressed.
Let the judgment be reversed, and the cause remanded.